

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

CRIMINAL APPEALS AND
FEDERAL HABEAS CORPUS BUREAU

November 13, 2019

**BY ECF**
Hon. Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Ball v. Stevenson*, No. 19 Civ. 5310 (RRM)(LB)

Your Honor:

  On behalf of respondent in the above *pro se* habeas corpus matter, I write pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Rule 3 of the Court's Individual Practices to request a 28-day extension to respond to the Petition, from November 18 to December 16, 2019. This is respondent's first request for an extension.

  In the Petition, Raymond Ball ("petitioner") challenges his 2015 conviction in Supreme Court, Queens County, following a jury trial, for two counts of Robbery in the Second Degree (N.Y. Penal Law § 160.10(1), (2)(a)), Assault in the Third Degree (Penal Law § 120.00(1)) and Criminal Possession of Stolen Property in the Fifth Degree (Penal Law § 165.40). (ECF #1 ("Pet.") at 1.)[1] Petitioner was sentenced as a second felony offender principally to a 10-year prison term. (*Id*.) The Appellate Division, Second Department unanimously affirmed. *People v. Ball*, 162 A.D.3d 680 (2d Dep't 2018), *leave denied*, 32 N.Y.3d 1002 (Sept. 13, 2018).

  The Petition raises four claims: (1) the prosecutor knowingly presented false testimony (Pet. at 5); (2) petitioner was arrested without probable cause (*id*. at 6); (3) petitioner's right to be present at pretrial hearings was violated (*id*. at 8, 18); (4) an

---

[1] Citations to docket entries refer to the page numbers generated by ECF appearing in the upper-right corner of each page

Hon. Lisa Margaret Smith
November 6, 2019
Page 2 of 2

out-of-court identification was improperly admitted at trial (*id.* at 9); and (5) ineffective assistance of trial counsel (*id.* at 26).

The requested extension is necessary to give respondent sufficient time to review the lengthy state court record and to prepare an adequate response to the Petition's claims. In general, responses to habeas petitions take more time to prepare when a petitioner was convicted after a jury trial. In addition, petitioner's ineffective trial counsel claim requires a particularly close analysis of the record and the more than 850 pages of pretrial and trial minutes. As the Court is aware, ineffective counsel claims involve analysis of counsel's "overall performance" and whether counsel's challenged actions prejudiced the defendant. *See Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986); *Strickland v. Washington*, 466 U.S. 668 (1984).

Moreover, in addition to briefing the response to the instant Petition, the undersigned is responsible for four other responses to habeas petitions in district courts throughout New York State which are due contemporaneously with the response in this matter: *Nelson v. Bell*, No. 19 Civ. 0870 (TJM) (N.D.N.Y. response due Nov. 21, 2019); *Hansson v. Lamanna*, No. 19 Civ. 8373 (KMK) (S.D.N.Y. response due Dec. 2, 2019); *Freeman v. NYS DOCCS*, No. 19 Civ. 6633 (FPG) (W.D.N.Y. response due Dec. 2, 2019); *Carter v. Leroy Fields, Supt.*, No. 19 Civ. 05364 (PKC) (E.D.N.Y. response due Dec. 2, 2019).

I have not conferred with petitioner regarding this request as he is incarcerated. I thank the Court for its consideration of this request.

Pursuant to 28 U.S.C. § 1746 I declare that, on this date, I caused petitioner to be served with a copy of this letter by mailing it by First-Class United States Mail to the address listed below.

    Respectfully submitted,

    /s Matthew B. Keller
    Matthew B. Keller
    Assistant Attorney General
    28 Liberty Street
    New York, New York 10005
    (212) 416-6072

cc:    Mr. Raymond Ball    (regular mail)
       15A1060
       Otisville Correctional Facility
       PO Box 8
       Otisville, New York 10963