UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAYMOND BALL,

                Petitioner,          **ANSWER**

        v.                  No. 19 Civ. 5310 (RRM)(LB)

ANGELENE STEVENSON,

               Respondent.

MATTHEW B. KELLER, an attorney admitted to practice in the State of New York, and before this Court, declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

    1.    I am an Assistant Attorney General, of counsel to Letitia James, the Attorney General of the State of New York. I submit this answer and the accompanying memorandum of law in opposition to the petition for a writ of habeas corpus, filed on or about September 5, 2019, by Raymond Ball ("petitioner"). Petitioner challenges a 2015 judgment of New York Supreme Court, Queens County (Schwartz, J.) convicting him, following a jury trial, of two counts of Robbery in the Second Degree (N.Y. Penal Law § 160.10(1) and (2)(a)), Assault in the Third Degree (Penal Law § 120.00(1)) and Criminal Possession of Stolen Property in the Fifth Degree (Penal Law § 165.40), and sentencing him as a second felony offender to an aggregate prison term of 10 years followed by five years of post-release supervision. In June 2018 the Appellate Division, Second Department, dismissed petitioner's

counseled direct appeal.  *People v. Ball*, 162 A.D.3d 680 (2d Dep't 2018), *leave denied*, 32 N.Y.3d 1002 (2018).

2.     By agreement with the Queens County District Attorney's Office, the Attorney General of the State of New York will represent respondent.  I make the statements in this Answer upon information and belief, based on my review of the records forwarded to the Attorney General's Office by the District Attorney's Office.

3.     Respondent, by his attorney, Letitia James, Attorney General of the State of New York, Matthew B. Keller, Assistant Attorney General, of counsel, answers the petition as follows:

    (a)    Admits the allegations in paragraph 1 through paragraph 11, and paragraph 14 through paragraph 17 of the Petition, to the extent petitioner accurately describes the state court procedural history as recited in respondent's memorandum of law;

    (b)    Denies the allegations in paragraph 12 and paragraph 13 of the Petition; and

    (c)    Denies any allegation of the Petition not specifically responded to above.

## **Defenses**

4.     As explained in respondent's memorandum of law, the Petition should be denied.  Petitioner argues that that his conviction must be reversed because: (1) the prosecutor presented false testimony; (2) petitioner's arrest lacked probable cause; (3) petitioner was deprived of his right to be present at pretrial proceedings; (4) third-party testimony as to an out-of-court identification by the victim was improperly admitted at trial; and (5) trial counsel was ineffective.

5.      The perjured testimony claim fails to state a claim upon which habeas relief may be granted.  Petitioner does not cite any "clearly-established Federal law, as determined by the Supreme Court of the United States," that the Appellate Division's decision rejecting the claim was contrary to, or an unreasonable application of.  28 U.S.C. § 2254(d).

6.      The Fourth Amendment claim is barred from review pursuant to *Stone v. Powell*, 428 U.S. 465 (1976).  The New York courts provided petitioner with a full and fair opportunity for litigation of the claim.

7.      The right to be present claim fails to state a claim upon which habeas relief may be granted.  Petitioner does not cite any "clearly-established Federal law, as determined by the Supreme Court of the United States," that the Appellate Division's decision rejecting the claim was contrary to, or an unreasonable application of.  28 U.S.C. § 2254(d).

8.      The evidentiary claim based on the admission of third-party identification testimony is procedurally barred.  The state court dismissed the claim on firmly established and regularly followed state law grounds independent of the federal question and adequate to support the judgment.

9.      Petitioner has not alleged the cause and prejudice, or fundamental miscarriage of justice, required to overcome the procedural bar to the identification evidence claim.

10.     The identification evidence claim is not cognizable on federal habeas review.

11.    The identification evidence claim fails to state a claim upon which habeas relief may be granted.  Petitioner does not cite any "clearly-established Federal law, as determined by the Supreme Court of the United States," that the Appellate Division's decision rejecting the claim was contrary to, or an unreasonable application of.  28 U.S.C. § 2254(d).

12.    The ineffective trial counsel claim is unexhausted.  Petitioner has not exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1)(A).

13.    Petitioner has not alleged the cause and prejudice, or fundamental miscarriage of justice, required to overcome the procedural bar to the expert testimony claim.

14.    The ineffective trial counsel claim is meritless.

15.    A separately bound record of petitioner's state court conviction and respondent's supporting memorandum of law are being filed with the Clerk of the Court.

WHEREFORE, and for the reasons set forth in the accompanying memorandum of law, the petition for a writ of habeas corpus should be denied and no certificate of appealability should be issued.


/s/ Matthew B. Keller
MATTHEW B. KELLER
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6072


Dated:      December 13, 2019
            New York, New York

To:         Hon. Lois Bloom
            United States Magistrate Judge
            United States District Court
            Eastern District of New York
            225 Cadman Plaza East
            Brooklyn, New York 11201

            Mr. Raymond Ball          (by Regular Mail)
            15A1060
            Otisville Correctional Facility
            PO Box 8
            Otisville, New York 10963

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAYMOND BALL,

               Petitioner,

                                  No. 19 Civ. 5310 (RRM)(LB)

      v.

ANGELENE STEVENSON,

               Respondent.

## <u>DECLARATION OF SERVICE</u>

      MATTHEW B. KELLER, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows: that on December 13, 2019, he served on petitioner respondent's Answer, Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus (including copies of the unreported decisions cited therein) and state court record by causing the same to be mailed via the United States Postal Service to the following address:

                      Mr. Raymond Ball
                      15A1060
                      Otisville Correctional Facility
                      PO Box 8
                      Otisville, New York 10963

                      <u>/s/ Matthew B. Keller</u>
                      MATTHEW B. KELLER
                      Assistant Attorney General
                      28 Liberty Street
                      New York, New York 10005
                      (212) 416-6072

Executed on December 13, 2019